UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FAIRLANE CAR WASH, INC., PJJ
ENTERPRISES, LLC, JOHN MASOURAS, and
JAMES MASOURAS,

       Plaintiffs/Counter-Defendants,

v.                                                                                      Case No. 07-10165

KNIGHT ENTERPRISES, INC.,

       Defendant/Counter-Plaintiff.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S "MOTION FOR RETURN
OF PROPERTY," DENYING DEFENDANT'S "MOTION FOR NEW
TRIAL RELIEF FROM JUDGMENT, ORDER STAY OF PROCEEDINGS
AND COSTS AND ATTORNEY FEES," AND
GRANTING PLAINTIFFS' "MOTION FOR ATTORNEY FEES"**

Pending before the court are three motions by the parties in the above-captioned case: (1) "Motion for Return of Property," filed by Defendant Knight Enterprises, Inc. on July 30, 2008; (2) "Motion for New Trial Relief From Judgment, Order Stay of Proceedings and Costs and Attorney Fees," filed by Defendant on August 14, 2008; and (3) "Motion for Attorney Fees," filed by Plaintiffs Fairlane Car Wash, Inc. ("Fairlane"), PJJ Enterprises, LLC ("PJJ"), John Masouras, and James Masouras on August 14, 2008.  The parties have now fully briefed these matters, and the court concludes that any hearing is unnecessary.  See E.D. Mich. LR 7.1.  For the reasons stated below, the court will deny Defendant's motions and grant Plaintiffs' motion.

# I.  BACKGROUND

This litigation arose out of a contract dispute between Plaintiffs and Defendant regarding the sale of and payment for motor fuel.  Defendant is a "jobber" who supplies CITGO brand gasoline to Plaintiff Fairlane.  Plaintiff Fairlane is a car wash, convenience store, and gasoline station on premises owned by Plaintiff PJJ, an LLC formed by John and James Masouras.  Plaintiffs John and James Masouras entered in a franchise agreement with Defendant.  Following several disputes between Plaintiffs and Defendant, Plaintiffs filed suit in this court, alleging claims for breach of contract and violation of the Petroleum Marketing Practices Act, 15 U.S.C. § 2801, *et seq.* ("PMPA"). The parties filed cross-motions for summary judgment, and the court found that (1) Plaintiffs had not breached the contract, (2) Defendant had breached the contract, (3) Plaintiffs had not converted Defendant's equipment, including pumps and credit card machines ("Equipment"), and (4) Defendant had violated the PMPA.  The matter proceeded to trial solely as to whether Defendant's breach of the contract and violation of the PMPA proximately caused damages to Plaintiffs.  The jury found that only Plaintiffs John Masouras and Fairlane suffered damages totaling $11,800.00.  A bench trial regarding exemplary damages pursuant to the PMPA followed, and the court held no Plaintiffs were entitled to exemplary damages for Defendant's violation of the PMPA. Judgment was entered for Plaintiffs John Masouras and Fairlane against Defendant, and for Defendant against Plaintiffs James Masouras and PJJ.  Now pending are the parties' three post-judgment motions: (1) Defendant's "Motion for Return of Property," (2) Defendant's "Motion for New Trial Relief From Judgment, Order Stay of Proceedings and Costs and Attorney Fees," and (3) Plaintiffs' "Motion for Attorney Fees."

## II.  DISCUSSION

### A.  Defendant's "Motion for Return of Property"

Defendant petitions the court to order the return of certain property by Plaintiffs to Defendant.  Plaintiffs still possess Defendant's "Motor Fuel Pumps/Dispensers, Ruby system, Computer Boards and associated Equipment" ("Equipment").  (Def.'s Mot. Prop. at 1.)  Defendant argues that Plaintiffs have repeatedly agreed that the Equipment belonged to Defendant and that the court found in its January 31, 2009 order that Plaintiffs had not converted the Equipment because Plaintiffs had not exercised "dominion and control contrary to" Defendant's ownership of the Equipment.  Defendant asserts that the Equipment belongs to Defendant and should be ordered returned to it.  In response, Plaintiffs simply argue that the court does not have jurisdiction to grant such equitable relief to Defendant because Defendant only requested money damages in its answer/counter-complaint.  (Pls.'  Resp. Prop. at 10.)

### 1. Standard

Federal Rule of Civil Procedure 8 requires that a "pleading states a claim for relief shall contain . . . (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.  Fed. R. Civ. P. 8(a)(3).  A party must therefore state the type of relief the party seeks so as to give adequate notice to the opposing party.  *See* Fed. R. Civ. P. 8(a)(a); *see also* Niecko v. Emro Marketing Co., 769 F. Supp. 973, 991 (E.D. Mich. 1991) (finding that a complaint must provide adequate notice that a party is seeking equitable relief).

### 2. Analysis

Defendant cites no authority to support its "Motion for Return of Property," but only asserts that this court "has [j]urisdiction and [a]uthority in this matter to [o]rder the return of the Equipment." (Def.'s Mot. Prop. at 11.) Neither is the court aware of any authority upon which it could act to grant Defendant's motion. The Equipment of which Defendant seeks return was not the subject of the above-captioned breach of contract and PMPA lawsuit, nor did Defendant request any equitable relief in Defendant's counter-claim. At most, Defendant asked the court to grant it "[m]oney [d]amages for refusal to return and for [c]onversion" of the Equipment. (Def.'s Countercl. at 17.d.) Defendant never pleaded nor argued anything more about the Equipment than this unsupported assertion of conversion and the corresponding demand for money damages.[1] Defendant's request at this late juncture of the proceedings for court-ordered return of the Equipment constitutes, at minimum, a request for relief not pleaded by Defendant, but more likely, a separate cause of action. In particular, Defendant's request appears to be an additional counterclaim by Defendant for common law replevin. The Sixth Circuit has proscribed parties from raising new claims for the first time on summary judgment. This case is now far past even the summary judgment stage, and Defendant cannot raise such a request now. *See* Fed. R. Civ. P. 8(a)(3); *Tucker v. Union of Needletrades, Indus. and Textile Employees*, 407 F.3d 784,

---

[1] Defendant makes much of the fact that the court discussed Defendant's claim of conversion in its January 31, 2008 "Order Denying Defendant's Motion for Summary Judgment and Granting Plaintiffs' Motion for Summary Judgment." Indeed, the court stated that it "doubt[ed] the validity of the [conversion] claim under Federal Rules of Civil Procedure 8 and 12." (01/31/08 Order at 12.) The matter was never fully briefed, and the court found that, in any case, Defendant had not offered any support for its claim of conversion. (01/31/08 Order at 13.)

4

788 (6th Cir. 2005) (holding that allowing a party to raise a new claim upon summary judgment would violate one of the primary purposes of the Federal Rules: to provide fair notice to the opposing party so as not to prejudice the party's defense); *see also Primax Recoveries, Inc. v. Gunter*, 433 F.3d 515, 516 (6th Cir. 2006) (stating that a party fails to state a claim when the party requests a form of relief not available to the party). Because the relief Defendant seeks in this motion raises a new claim that cannot be heard at this point in the court's proceedings, the court will deny Defendant's "Motion for Return of Property."

### B. Defendant's "Motion for New Trial Relief From Judgment, Order Stay of Proceedings and Costs and Attorney Fees"

Defendant argues for several different types of relief in this motion: (1) new trial, (2) relief from judgment,[2] (3) stay of proceedings to enforce judgment,[3] and (4) costs and attorney fees. (Def.'s Mot. New Trial at 2.) Defendant's primary contention that it is entitled to these forms of relief is that Plaintiffs failed to mitigate their damages and that Plaintiffs have converted Defendant's Equipment. (Def.'s Mot. New Trial at 7-8.) In

---

[2] Defendant states in its motion that it seeks "New Trial, Relief from Judgment and Order and Stay of Proceedings to Enforce Judgment pursuant to FRCP 54, 59, 60 and 62, respectively as more full[y] set out in the appended Brief in Support of Motion here." (Def.'s Mot. New Trial at 2.) However, nowhere in the succeeding brief does Defendant make any mention of Federal Rule of Civil Procedure 60. Only in Defendant's conclusion does it renew its request for "Relief from Judgment." Because Defendant has made no argument to the court regarding the applicability or appropriateness of relief from judgment pursuant to Rule 60, the court will deny Defendant's motion as to this issue.

[3] Defendant also requests that the court grant a stay of the proceedings pending the disposition of its motions pursuant to Federal Rule of Civil Procedure 62. Because the court will deny Defendant's motions, the court will also deny Defendant's Rule 62 request as moot. *See* Fed. R. Civ. P. 62(b).

5

response to Defendant's arguments, Plaintiffs maintain that (1) Defendant's argument regarding mitigation of damages merely reargues issues already decided by the jury at trial, (2) Defendant provides no legal argument as to why the court should now hear Defendant's claim of conversion. (Pls.' Resp. New Trial at 5, 8.)

### 1. New Trial

### a. Standard

Pursuant to Federal Rule of Civil Procedure 59, a court "may, on motion, grant a new trial on all or some of the issues" following a jury trial for "any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). The Sixth Circuit has instructed trial courts to deny a motion for new trial "if the verdict is one that reasonably could be reached, regardless of whether the trial judge might have reached a different conclusion were he the trier of fact." *Wayne v. Village of Sebring*, 36 F.3d 517, 525 (6th Cir. 1994) (citing *United States v. L.E. Cooke Co.*, 991 F.2d 336, 343 (6th Cir. 1993)). This is an area of broad discretion for trial courts, and a reviewing court will only reverse for an abuse of discretion. *Powers v. Bayliner Marine Corp.*, 83 F.3d 789, 796 (6th Cir. 1996). In general, a court will grant a motion for new trial "when a jury has reached a 'seriously erroneous result' as shown by: (1) the verdict being against the weight of the evidence; (2) the damages being excessive; or (3) the trial being unfair to the moving party in some fashion, *i.e.,* the proceedings being influenced by prejudice or bias." *Holmes v. City of Massillon*, 78 F.3d 1041, 1045-46 (6th Cir. 1996).

### b. Analysis

In its motion, Defendant contends that (1) the jury verdict was against the "great weight of the evidence," (2) the damages calculated by the jury are excessive, and (3) the trial was "patently unfair and prejudicial to Defendant." (Def.'s Mot. New Trial at 7-10.) Other than baldly asserting that Defendant satisfies the legal standard for a new trial, Defendant argues that Plaintiffs failed to mitigate damages and that Plaintiffs have now converted Defendant's Equipment.[4] In response, Plaintiffs maintain that the jury's verdict was in accord with the evidence and Defendant's arguments consist of mere disagreement with the jury's verdict. (Pls.' Resp. New Trial at 5, 8.) Defendant offers no legal authority, other than a passing reference to the PMPA, in support of its contention that the jury's verdict was against the weight of the evidence. Defendant merely avers that the evidence could not have shown that Defendant's actions proximately caused Plaintiffs' damages because Plaintiffs failed to mitigate their damages by seeking self-help remedies such as a temporary restraining order and the fact that Plaintiff John Masouras admitted during deposition that Plaintiffs could have secured the necessary fuel from an alternate supplier. (Def.'s Mot. New Trial at 8.)

---

[4] Defendant also states that the verdict was against the weight of the evidence because Defendant alleges that under Michigan law an individual shareholder or officer, such as Plaintiff John Masouras, cannot recover damages to a corporation. Defendant cites to *M & D, Inc. v. McConkey*, 573 N.W.2d 281, 284 (Mich. Ct. App. 1998), *vacated on other grounds*, and *Environair, Inc. v. Steelcase, Inc.*, 475 N.W.2d 366, 367 (Mich. Ct. App. 1991), *vacated on other grounds*. These cases, indeed, stand for the proposition that under ordinary circumstances simply being a shareholder or officer of a corporation does not entitle an individual to recover damages to that corporation. However, both cases also distinctly state an exception to this rule for cases in which there is a breach of a duty owed to the individual personally. *M & D, Inc.*, 573 N.W.2d at 284; *Environair, Inc.*, 475 N.W.2d at 368; see also *Michigan Nat'l Bank v. Mudgett*, 444 N.W.2d 534, 536 (Mich. App. Ct. 1989). Plaintiffs John and James Masouras individually contracted with Defendant, and therefore each personally suffered a breach of duty owed to him individually when Defendant breached its contract.

7

Defendant's arguments, however, do not satisfy the standard for a new trial: they amount to mere reargument of issues already decided by a jury. *See Wayne*, 36 F.3d at 525 (citing *L.E. Cooke Co.*, 991 F.2d at, 343). Defendant shows only that Plaintiffs could possibly have obtained a temporary restraining order or an alternate supply of fuel. The jury heard these possibilities explained and highlighted by Defendant, but nonetheless found that Defendant's actions proximately caused damages to Plaintiffs John Masouras and Fairlane. *See Denhof v. City of Grand Rapids*, 494 F.3d 534, 543 (6th Cir. 2007) ("The court is to accept the jury's verdict 'if it is one which reasonably could have been reached.'") (quoting *Duncan v. Duncan*, 377 F.2d 49, 52 (6th Cir. 1967)). Defendant has not contended that the jury's verdict is unreasonable, nor indeed, has Defendant demonstrated that the jury's verdict was anything but reasonable. *See TCP Indus., Inc. v. Uniroyal, Inc.*, 661 F.2d 542, 546 (6th Cir. 1981) ("Thus, while the district judge has a duty to intervene in appropriate cases, the jury's verdict should be accepted if it is one which could reasonably have been reached."). The court finds that the jury could have reasonably found as it did, that despite the fact that Plaintiffs did not seek a temporary restraining order or accept delivery from an alternate supplier, Defendant nonetheless proximately caused Plaintiffs damage in the amount of the judgment. *See TCP Indus., Inc.*, 661 F.2d at 546. The court will therefore deny Defendant's motion as to this issue. Defendant also contends that the jury verdict was excessive because Plaintiffs failed to mitigate their damages by seeking a temporary restraining order or accepting delivery from an alternate supplier. (Def.'s Mot. New Trial at 10.) Defendant again offers no legal argument regarding why the damages were excessive; Defendant simply avers that Plaintiffs failed to mitigate their

8

damages. This, too, amounts to a mere reargument of issues already decided by the jury, and the court does not find any evidence that the damages awarded to Plaintiffs were excessive. Therefore, the court will deny Defendant's motion as to this issue.

Finally, Defendant argues that the court should grant it a new trial because the "[t]rial was patently unfair and prejudicial to Defendant" because (1) Plaintiffs did not mitigate damages, and (2) Plaintiffs have converted Defendant's Equipment. (Def.'s Mot. New Trial at 10, 12.) Again, Defendant offers the same arguments that this court has rejected above. Defendant offers no further legal argument or factual demonstration of prejudice. The jury decided the issue of mitigation of damages, and the court will not revisit the issue here. The court also previously discussed the conversion claim now raised by Defendant, and the court will also decline to allow Defendant to bring that claim now. Therefore, the court will deny Defendant's motion.

### 2. Defendant's Costs and Attorney Fees

#### a. Standard

Under the general American Rule, unless Congress provides otherwise, parties to litigation are to bear their own attorney fees. *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 533 (1994) (citing *Aleyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240 (1975)). In certain specific areas of the law, however, Congress has enacted statutes permitting the award of attorney fees. *Id.* at 254-55. Each statute that permits recovery of attorney fees has its own specific set of provisions regarding the requirements for such an award. *Id.* at 260. Usually statutes award attorney fees to the prevailing party, and only rarely has Congress permitted recovery of costs and attorney fees by a

non-prevailing party. *Marek*, 473 U.S. at 9.

### b. Analysis

Defendant alleges that this court should grant it costs[5] and attorney fees pursuant to Federal Rule of Civil Procedure 54 and the PMPA. The relevant portion of the PMPA states, "the court may, in its discretion, direct that reasonable attorney and expert witness fees by paid by the franchisee if the court finds that such action is frivolous." 15 U.S.C. § 2805(d)(3). This court, however, never made a finding that Plaintiffs' action was frivolous, and the court declines to do so now. In support of its request, Defendant only states that Plaintiff James Masouras had limited involvement in the actual prosecution of the case and that under Michigan law individual shareholders or officers cannot recover damages to a corporation. (Def.'s Mot. New Trial at 17.) Defendant cites no legal authority to support its request for attorney fees under the PMPA. Defendant's assertions do not persuade the court that Plaintiffs' action was brought frivolously. First, limited involvement in pursuing a cause of action does not alone show frivolousness, particularly in cases in which there are multiple plaintiffs. Second, the court has already discussed the Michigan law regarding individual recovery for damages associated with a corporation: Defendant's argument neglects to mention the exception applicable in this case. Furthermore, the court will not find that an action is frivolous

---

[5] Defendant avers that it is entitled to costs as the prevailing party pursuant to Rule 54. Because the court finds that Defendant is not the prevailing party, as detailed below, the court will deny Defendant's motion as to this issue. *See Andretti v. Borla Performance Indus., Inc.*, 426 F.3d 824, 837 (6th Cir. 2005) (citing *Buckhannon Bd. and Care Home, Inc. v. West Virginia Dep't of Health and Human Resources*, 532 U.S. 598, 603 n.4 (2001)) (stating that the Supreme Court construes the term "prevailing party" consistently across statutes).

merely because two out of four plaintiffs did not recover damages. Accordingly, the court will deny Defendant's request for attorney fees.

### C. Plaintiffs' "Motion for Attorney Fees"

Plaintiffs aver that they are entitled to attorney fees pursuant to the specific provisions of the PMPA. Defendant, however, (1) disputes the reasonableness of Plaintiffs' alleged attorney fees, (2) argues that Plaintiffs' federal lawsuit was brought in retaliation for Defendant's filing suit in state court, (3) reargues the issue of mitigation of damages and whether an individual can recover corporate damages, and (4) argues that Defendant is entitled to costs under Federal Rule of Civil Procedure 68.

#### 1. Standard

Under the general American Rule, unless Congress provides otherwise, parties to litigation are to bear their own attorney fees. *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 533 (1994) (citing *Aleyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240 (1975)). In certain specific areas of the law, however, Congress has enacted statutes permitting the award of attorney fees. *Id.* at 254-55. Each statute that permits recovery of attorney fees has its own specific set of provisions regarding the requirements for such an award. *Id.* at 260.

The "lodestar" approach is the proper method for determining the amount of reasonable attorney fees. *Hensley*, 461 U.S. at 432; *Reed v. Rhodes,* 179 F.3d 453, 471 (6th Cir. 1999) (citing *Hensley*, 461 U.S. at 432) ("[A] court must first determine the lodestar amount by multiplying the reasonable number of hours billed by a reasonable billing rate."). In making the "lodestar" calculation, "[t]he most useful starting point . . . is the number of hours reasonably expended on the litigation multiplied by a reasonable

hourly rate." *Hensley*, 461 U.S. at 433-434. The amount can then be adjusted based upon the twelve factors first set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974). *Reed,* 179 F.3d at 471. However, a district court, after considering the amount and nature of damages awarded, "may award low fees or no fees without reciting the [twelve] factors bearing on reasonableness" or calculating a lodestar figure. *Farrar*, 506 U.S. at 114.

### 2. Analysis

The PMPA permits awards of attorney fees to a franchisee who demonstrates a violation of the statute by the francisor. In pertinent part, the statute states,

> If the franchisee prevails in any action under subsection (a) of this subsection, such frachisee shall be entitled . . . (C) to reasonable attorney and expert witness fees to be paid by the franchisor, unless the court determines that only nominal damages are to be awarded to such franchisee, in which case the court, in its discretion, need not direct that such fees be paid by the franchisor.

15 U.S.C. § 2805(d)(1).

Pursuant to the statute, a franchisee who "prevails" in its PMPA action "shall be entitled . . . to reasonable attorney . . . fees." 15 U.S.C. § 2805(d)(1)(C). The Supreme Court construes the term "prevailing party" consistently across fee-shifting statutes. *Andretti v. Borla Performance Indus., Inc.*, 426 F.3d 824, 837 (6th Cir. 2005) (citing *Buckhannon Bd. and Care Home, Inc. v. West Virginia Dep't of Health and Human Resources*, 532 U.S. 598, 603 n.4 (2001)); *see also Ketterle v. B.P. Oil, Inc.*, 909 F.2d 425, 429 (11th Cir. 1990) ("The fact that this is an action under the PMPA does not alter the ['prevailing party'] analysis."). The Supreme Court has further stated that

> it has only awarded attorney's fees where the plaintiff has received a

> judgment on the merits, or obtained a court-ordered consent decree–we have not awarded attorney's fees where the plaintiff has secured the reversal of a directed verdict, or acquired a judicial pronouncement that the defendant has violated the Constitution unaccompanied by "*judicial relief.*" . . . We cannot agree that the term "prevailing party" authorizes federal courts to award attorney's fees to a plaintiff who, by simply filing a nonfrivolous but nonetheless potentially meritless lawsuit (it will never be determined), has reached the "sought-after destination" without obtaining judicial relief.

*Buckhannon*, 532 U.S. at 605-06 (internal citations omitted). A "prevailing party" is one who has obtained a "'material alteration of the legal relationship of the parties,'" that is, that "[t]he plaintiff [] obtain[ed] an enforceable judgment against the defendant from whom fees are sought, or comparable relief through a consent decree or settlement." *DiLaura v. Township of Ann Arbor*, 471 F.3d 666, 670 (6th Cir 2007) (quoting *Farrar v. Hobby*, 506 U.S. 103, 111 (1992)); *see also Muraresku v. Amoco Oil Co.*, 648 F.Supp. 347, 349 (E.D. Pa. 1986) ("[T]his standard is meant to be a 'generous formulation' and should be applied only as a threshold barrier to recover.") (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 432 (1983)). In the instant case, Plaintiffs John Masouras and Fairlane are certainly prevailing parties: following a jury trial to determine actual

damages, they each recovered for their claims, with their combined damages totaling $11,800.00.[6] (7/31/08 Judgment.)

As to Plaintiffs James Masouras and PJJ, the court granted summary judgment in their favor for both their PMPA and breach of contract claims; however, they were awarded zero damages following the jury and bench trials, and the court entered judgment against them and for Defendant. (1/31/08 Order; 7/31/08 Judgment.) Nonetheless, the Sixth Circuit has stated that

> if the party points to success on a significant issue leading to a material legal alteration between the parties, then that party has crossed the "statutory threshold" into prevailing party status. Although a money judgment, an enforceable declaratory judgment, or an injunction will indicate such an alteration between the parties, these are not the only ways in which such a changed relationship may manifest itself.

*DiLaura*, 471 F.3d at 671 (finding that a party who was granted summary judgment but not a declaratory judgment or injunction was nonetheless a prevailing party). Similarly, the court found as to all Plaintiffs, including Plaintiffs James Masouras and PJJ, that Defendant had violated the PMPA and breached the contract. (1/31/08 Order.) The court decided an issue that constituted a "material legal alteration between the parties" because the court found that Plaintiffs had not breached the contract with Defendant, but Defendant terminated the contract in violation of the PMPA. *See id.* (stating that

---

[6] While prevailing parties under the PMPA are sometimes not entitled to attorney fees for their state law claims, *see Jones v. Crew Distributing Co., Inc.*, 984 F.2d 405, 409 (11th Cir. 1993) (holding that a PMPA prevailing party francisee is only entitled to attorney fees for violations of his PMPA claims and not the related state law claims), in this case the state law claim for breach of contract actually constituted part of the showing required by Plaintiffs to demonstrate a violation of the PMPA by Defendant. As the claims are not easily separated, the court considers them together, in this case, for purposes of attorney fee awards.

14

there had been a "material legal alteration between the parties" when plaintiff could be assured that defendant could not enforce an ordinance against him). Accordingly, Plaintiffs were no longer bound by the contract, and indeed, Defendant could not have enforced it against Plaintiffs.[7] (*See* 1/31/08 Order.)

Because attorney fees for prevailing franchisees are mandatory "unless the court determines that only nominal damages are to be awarded to such franchisee, in which case the court, in its discretion, need not direct that such fees be paid by the franchisor," 15 U.S.C. § 2805(d)(1), the court will grant Plaintiffs' motion as to Plaintiffs John Masouras and Fairlane. Once the court has determined that a party has "prevailed," it remains for the court to determine what attorney fee is "reasonable." *Hensley v. Eckerhart*, 461 U.S. 424, 432 (1983). In particular, the Supreme Court has stated that it is not reasonable to award attorney fees for "services on the unsuccessful claim[s]."

---

[7] This result also satisfies the purpose of the statute: "The PMPA was promulgated to remedy the often harsh consequence that arose from the unequal bargaining power of petroleum franchisors and franchisees." *Jones v. Crew Distributing Co., Inc.*, 984 F.2d 405, 407-08 (11th Cir. 1993) (citing *Brach v. Amoco Oil Co.*, 677 F.2d 1213, 1220 (7th Cir. 1982)). The decision is also in accord with the logic and structure of the statute. The statute awards attorney fees to parties that "prevail[] in any action under subsection (a) of this subsection. 15 U.S.C. § 2805(d)(1). Subsection (a) provides: "[i]f a franchisor fails to comply with the requirements of section 2802, 2803, or 2807 of this title, the franchisee may maintain a civil action against such franchisor. 15 U.S.C. § 2805(a). In its January 31, 2008 order, this court found that the franchisor, Defendant, had violated §§ 2802 and 2803. (1/31/08 Order at 11.) To prevail upon an action under subsection (a), a franchisee needs to show that the franchisor violated one of the enumerated sections. *See* 15 U.S.C. § 2805(a). The statute is structured so that prevailing on such an action does not require proof of damages. Indeed, subsection (d) separates a party's "prevail[ing]" on an action from any subsequent award of damages. *See* 15 U.S.C. § 2805(d)(1)(A)(B). Once the franchisee has demonstrated the violation by the franchisor, a jury or court finds the appropriate damages. *See* 15 U.S.C. § 2805(d)(2).

*Hensley*, 461 U.S. at 435. However, when "a lawsuit cannot be viewed as a series of discrete claims[,] . . . the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Id.* at 435-36 (finding that a court can make line-by-line exceptions or make an overall reduction in award of attorney fees to reflect the limited success). Plaintiffs James Masouras and PJJ received no actual damages, and an award of attorney fees is therefore not mandatory as to their claims. *See* 15 U.S.C. § 2805(d)(1)(C). The court nonetheless has discretion to direct such an award, 15 U.S.C. § 2805(d)(1)(C). Because of the remedial purpose of the PMPA's statutory scheme, *Brach v. Amoco Oil Co.*, 677 F.2d 1213, 1221 (7th Cir. 1982) ("As remedial legislation the Act, must be given a liberal construction consistent with its overriding purpose to protect franchisees.") (citing *United States v. Backto-Unidisk*, 394 U.S. 784, 798 (1969)), and the fact that the claims of all four Plaintiffs in this case were litigated together, with little separate evidence or work, and therefore with presumably few additional attorney fees, the court finds it appropriate to grant reasonable attorney fees for the claims of Plaintiffs James Masouras and PJJ. *See* 15 U.S.C. § 2805(d)(1)(C); *Farrar*, 506 U.S. at 114.

Plaintiffs maintain that attorney Steven A. Matta, an equity shareholder with the Troy, Michigan law firm of Garan Lucow Miller, worked a total 84.0 hours on this case at an hourly rate of $250.00, and that Thomas P. Christy, a senior associate at the same firm, worked a total of 260.2 hours on this case at an hourly rate of $225.00. (Pls.' Mot. at 7-8; Pls.' Reply at 8.) Accordingly, they ask for attorney fees totaling $79,545.00. These hours reflect hours worked from the time of preparation of filing the federal

complaint through the completion of Plaintiffs' briefing for their motion for attorney fees, but Plaintiffs have subtracted from the attorneys' time records half of each entry that accounted for work on both Plaintiffs' federal and state lawsuits. (Pls.' Reply at 8.) Defendant argues that (1) Plaintiffs John Masouras and Fairlane have not recovered more than nominal damages; (2) Plaintiffs James Masouras and PJJ are not prevailing parties; (3) Plaintiffs refused to settle because they hoped the federal lawsuit would cover the losses of their state court lawsuit; (4) Plaintiffs' recovery is insignificant in proportion to the amount of attorney fees they seek; (5) Defendant made an offer of judgment larger than Plaintiffs' eventual recovery; (6) Plaintiffs did not seek to use the PMPA in the intended sense; (7) attorney fees for post-trial motions should not be included in Plaintiffs' award; (8) the court should not award attorney fees for the use of two attorneys; (9) some of the work involves work on Plaintiffs' state court case; and (10) various individual objections to numerous billing entries which amount to reiterations of Defendant's other assertions.

When "the applicant for a fee has carried his burden of showing that the claimed rate and number of hours are reasonable, the resulting product is *presumed* to be the reasonable fee to which counsel is entitled." *Delaware Valley,* 478 U.S. at 564 (emphasis in original) (quoting *Blum v. Stenson*, 465 U.S. 886, 897 (1984)). The court finds that Plaintiffs have indeed done so and will award attorney fees in accord with Plaintiffs' request. The billing rates for attorneys Matta and Christy are "in line with those prevailing in the community" for this type of litigation. See *Blum v. Stenson,* 465 U.S. 886, 897 (1984). Furthermore, the amount of time expended on the case is not excessive for a lawsuit brought to trial with numerous pre- and post-trial motions. With

respect to Defendant's objections to Plaintiffs' requested amount of attorney fees, the court addressed Defendant's first two arguments above. In addition, the court will not reduce Plaintiffs' attorney fees for Defendant's assertion regarding Plaintiffs' motivation for bring the lawsuit. The court has made no finding that the case was brought frivolously, nor has Defendant brought forward any evidence of this. Indeed, two of the four Plaintiffs in this case recovered actual damages, and while Plaintiffs' recovery is less than the requested attorney fees, this court does not find the fees excessive given the work performed in the case. As to Defendant's assertion that it is entitled to Rule 68[8] costs because Plaintiffs recovered an amount less than Defendant's offer of judgment, the court finds the argument without merit because, for purposes of the Rule 68 computation, Plaintiffs' award is the sum of their recovery in addition to any actually awarded pre-offer costs and attorney fees. *See Marryshow v. Flynn*, 986 F.2d 689, 692 (4th Cir. 1993) ("[T]he judgment finally obtained must include not only the verdict of the jury but also the costs actually awarded by the court for the period that preceded the offer."). In this case, because the court will award attorney fees, Plaintiffs' pre-offer attorney fees exceed $25,000, and Plaintiffs' actual award will therefore exceed Defendant's offer of judgment. Next, Plaintiffs used the PMPA to vindicate its rights under the statute; Defendant points to no legal authority that provides that such use should reduce a franchisee's award of attorney fees. Post-trial motions can be included in attorney fee awards. *See Hensley*, 461 U.S. at 435-36. Use of multiple attorneys is

---

[8] Rule 68 provides that "[i]f the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made." Fed. R. Civ. P. 68(d).

18

not uncommon, nor does it necessarily amount to "double-billing" as alleged here by Defendant. Finally, Plaintiffs have agreed to halve any time entries for work performed on both Plaintiffs' state and federal lawsuits, which the court finds sufficient. Defendant's remaining arguments amount to repetitions of its other arguments as to specific billing entries. The court has reviewed Plaintiffs' billing entries, and it does not find that Defendant's arguments convincing as to the specific entries. The court does not find Defendant's objections persuasive, and the court will therefore grant Plaintiffs' motion for attorney fees. *See Delaware Valley,* 478 U.S. at 564.

### III. CONCLUSION

For the reasons stated above, IT IS ORDERED that Defendant's "Motion for Return of Property" [Dkt. # 45] is DENIED.

IT IS FURTHER ORDERED that Defendant's "Motion for New Trial Relief From Judgment, Order Stay of Proceedings and Costs and Attorney Fees" [Dkt. # 50] is DENIED.

Finally, IT IS ORDERED that Plaintiffs' "Motion for Attorney Fees" [Dkt. # 51] is GRANTED, and the court will award attorney fees in the amount of $79,545.00 to Plaintiffs. A separate judgment will issue.

                                                s/ Robert H. Cleland
                                                ROBERT H. CLELAND
                                                UNITED STATES DISTRICT JUDGE

Dated: March 31, 2009

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 31, 2009, by electronic and/or ordinary mail.

s/ Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522