**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

FAIRLANE CAR WASH, INC, et al.,

      Plaintiffs,

v.                                                      Case No. 07-10165

KNIGHT ENTERPRISES, INC.,

      Defendant.

_____/

**OPINION AND ORDER GRANTING**
**DEFENDANT'S MOTION FOR SUPERSEADEAS BOND**

      Pending before the court is a "Motion for Supersedeas Bond" by Defendant
Knight Enterprises, Inc., filed July 1, 2009. The parties have fully briefed the matter,
and the court conducted a hearing on July 29, 2009. For the reasons stated below, the
court will grant Defendant's motion.

**I. BACKGROUND**

      This matter arises out of a judgment entered by this court in the amount of
$11,800 for Plaintiffs and against Defendant on May 29, 2008 for violations of the
Petroleum Marketing Practices Act. On March 31, 2009, this court granted Plaintiffs'
motion for attorney fees and entered a judgment in the amount of $79,545 for Plaintiffs
and against Defendant. On March 31, 2009, the court also denied Defendant's motion
for new trial.

      Defendant timely appealed the court's March 31, 2009 order on April 14, 2009.
On June 15, 2009, Plaintiffs filed two non-periodic garnishments issued to Chase Bank,
for the two judgments entered on Plaintiffs' behalf. On July 1, 2009, Defendant filed
objections to the garnishments together with the instant motion. Defendant requests

that the court grant its motion for supersedeas bond and stay the proceedings for

enforcement of the judgment.

## II.  STANDARD

Federal Rule of Civil Procedure 62 prescribes the procedure for stay of

proceedings to enforce a judgment.  In particular, Rule 62 states:

> If an appeal is taken, the appellant may obtain a stay by supersedeas
> bond, except in an action described in Rule 62(a)(1) or (2).  The bond may
> be given upon or after filing the notice of appeal or after obtaining the
> order allowing the appeal.  They stay takes effect when the court approves
> the bond.

Fed. R. Civ. P. 62(d).  "Rule 62(d) entitles a party who files a satisfactory supersedeas

bond to a stay of money judgment as a matter of right."  *Arban v. West Pub. Corp.*, 345

F.3d 390, 409 (6th Cir. 2003) (citing *Fed. Prescription Serv., Inc. v. Am. Pharm. Ass'n*,

636 F.2d 755, 759 (D.C. Cir. 1980)).  The purpose of the rule is to ensure preservation

of the status quo while also preserving the rights of the appellee.  *Id.*  However, "courts

generally require that the amount of the bond include the full amount owed under the

award, and anticipated appeal costs, post-judgment interest, and damages for delay

caused by the appeal."  *EB-Bran Productions, Inc. v. Warner Elektra Atlantic, Inc.*, No.

03-75149, 2006 WL 1851010, at *3 (E.D. Mich. Jul. 5, 2006) (citation omitted)

(Edmunds, J.).  The Sixth Circuit reviews a district court's decision to grant or deny a

motion for supersedeas bond for an abuse of discretion.  *Arban*, 345 F.3d at 409

(citation omitted).

## III.  DISCUSSION

Defendant's motion provides no basis, other than stating the rule, by which the

court should grant its motion.  In their response, Plaintiffs first argue that Defendant has

2

yet to provide any surety or bond.  Plaintiffs further argue that the Honorable Sean F.

Cox of this district court in *Acme Contracting, Ltd. v. Toltest, Inc.*, No. 07-10950, 2008

WL 4534175 (E.D. Mich. Oct. 3, 2008), declined to grant a motion for supersedeas bond

to extinguish retroactively an existing garnishment.  *Id.* at *4.  The court in *Acme*

*Contracting* elaborated:

> This Court has been unable to find any Sixth Circuit authority on the
> narrow issue presented.  Nevertheless, the court finds that [a] majority of
> courts that have considered this issue-including the Eastern District of
> Michigan-have concluded that a pre-bond levy or garnishment is not
> extinguished by operation of law upon the Court's approval of a Rule 62(a)
> supersedeas bond.  *See[,] e.g., Ribbens Int'l Transport Int'l Pool, Inc.*, 40
> F. Supp. 2d 1141, 1145 (C.D. Ca. 1999) (collecting cases); *Larry Santos*
> *Productions v. Joss Organization, Inc.*, 682 F.Supp. 905 (E.D. Mich.
> 1988).

*Id.* at *3.  In *Larry Santos*, the court reasoned, based on the specific facts before it, that

> until a bond is filed, the stay which was conditioned on such a bond is
> inoperative.  To hold otherwise would render the last sentence of Fed. R.
> Civ. P. 62(d) meaningless. That sentence reads, "The stay is effective
> when the supersedeas bond is approved by the court."  This provision
> taken together with the 10-day 'automatic stay' provision of Fed. R. Civ. P.
> 62(a), clearly indicates that without a court-approved stay and a bond if
> one is ordered, the appealing party is protected against attempts to satisfy
> a final judgment only for the first 10 days thereafter.

*Larry Santos Productions v. Joss Organization, Inc.*, 682 F.Supp. 905, 906 (E.D. Mich.

1988) (internal citations omitted) (Cook, J.).  Plaintiff therefore argues that although the

court may permit a supersedeas bond, it may not permit the bond to retroactively

extinguish the garnishment Defendant has already imposed.

      In its reply, Defendant argues that it has obtained a surety bond and attached it

as Exhibit A to its Reply.  Defendant further argues that court have equitable power to

issue supersedeas bonds where the opposing party will not be prejudiced.  Defendant

3

cites to *Thunder Mountain Custom Cycles, Inc. v. Thiessen Prods., Inc.*, No. 06-02527, 2008 WL 5412469 (D. Colo. Dec. 24, 2008), for the proposition:

> The courts allowing retroactive applications of stays of judgments tend to do so because of the purported rationales behind Rule 62(d)'s bond requirement and for equitable reasons. Rule 62(d) is intended to preserve the status quo. *Rule 62's stay provision protects judgment debtors by preventing undue hardship caused by executions on judgments and avoids the sometimes impossible task of recouping transferred assets if there is a reversal on appeal.* The bond provision protects judgment creditors by ensuring that they will be compensated without additional efforts and by insulating them from the possibility that judgment debtors will become insolvent before the appeal is concluded.

*Thunder Mountain*, 2008 WL 5412469, at *4 (emphasis added).

Despite Plaintiffs' arguments at the July 29, 2009 hearing that Rule 62(d) compels the court to deny Defendant's motion, a district court has discretion to make determinations regarding the appropriateness and prudence of granting or denying a supersedeas bond. *See Arban*, 345 F.3d at 409 (citing *Kennedy v. Uniroyal Pension Plan*, Nos. 90-1705, 90-2048, 90-1983, 90-2110, 1991 WL 134613, at *8 (6th Cir. Jul. 23, 1991)). As Plaintiffs also noted, no consensus among courts exists as to the permissiveness of retroactive application of a supersedeas bond. *See Acme Contracting*, 2008 WL 4534175, at *3. Given the facts and proceedings of this litigation, the court finds that retroactive application of the supersedeas bond is necessary.

A great deal of unnecessary contentiousness and a certain lack of communication seems to the court as having haunted this litigation. The way in which this motion has come to the court is no different. Rather than attempting to reasonably resolve the issue themselves, and to ask in mutual good faith whether there would be any prejudice – any actual problem – in granting the relief Defendant sought, the parties resorted to the expense of full-blown motion practice.

4

Turning to the question of prejudice, Plaintiffs' counsel stated during the July 29, 2009 hearing that the only detriment to Plaintiffs in this matter has been the cost of obtaining the garnishments, quantified at "a couple hundred dollars."  In contrast, were the court to deny Defendant's motion, the cost to Defendant could be exponentially larger should Defendant's appeal prove successful.  *See Thunder Mountain*, 2008 WL 5412469, at *4 ("Rule 62's stay provision protects judgment debtors by preventing undue hardship caused by executions on judgments and avoids the sometimes impossible task of recouping transferred assets if there is a reversal on appeal.").  Moreover, preserving the status quo prevents any other associated costs with transferring assets until the finality of a court of appeals decision can be rendered.

Accordingly, the court will grant Defendant's motion on the condition that Defendant reimburse Plaintiff for the reasonable costs, chiefly comprised of attorney fees and estimated to not exceed about $200, incurred in obtaining the garnishments at issue.

## IV.  CONCLUSION

For the reasons stated above, IT IS ORDERED that Defendant's "Motion for Supersedeas Bond" [Dkt. # 80] is GRANTED.

IT IS FURTHER ORDERED that Defendant Knight Enterprises, Inc., reimburse Plaintiffs the reasonable costs incurred in obtaining the garnishments.  On or before **August 11, 2009**, Plaintiffs' counsel shall present a reasonable bill of costs to Defendant's counsel.  On or before **August 18, 2009**, Defendant shall pay the amount, except if there has arisen a significant objection to some component of the amount to which Plaintiff has not acceded upon being given notice and an explanation of the objection; in that event,

5

Defendant and Plaintiff shall jointly contact the court and request a conference to air the

objection(s).

s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  August 6, 2009

I hereby certify that a copy of the foregoing document was mailed to counsel of record on
this date, August 6, 2009, by electronic and/or ordinary mail.

S/Lisa G. Wagner
Case Manager and Deputy Clerk
(313) 234-5522